## YOUNG etc v MESZAROS et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10606. Decided March 17, 1930

Frank A. Green, and G. Z. Weintraub, Cleveland, for Young.

James L. Lind, Cleveland, for Meszaros, et.

**LEVINE, J.**

From the statement of claim it appears that the negotiations between the parties were verbal and if plaintiff were to depend on such verbal agreement the conclusion reached by the municipal court would be undoubtedly correct. A close examination of the statement of claim, however, discloses that the plaintiff relies wholly upon the written agreement which is attached to the petition wherein the defendant promises, in writing, to pay $200.00 commission to plaintiff for services already performed. If under the same circumstances the defendant executed a promissory note to the plaintiff for $200.00 and suit was entered thereon, it would be no defense to the action that the note was given for services rendered in connection with the sale of real estate upon a verbal understanding between the parties. We can see no distinction between the promise made in the present case and the giving of a promissory note excepting that the former is non-negotiable.

The statute of frauds, it must be remembered, is purely defensive in its character, of which the party sued may avail himself. He may, if he chooses, waive that defense. In the present case this promise in writing for $200.00 commission for services already performed, merely amounts to a waiver of the defense of the statute of frauds of which the party could have availed himself if he chose.

If it be contended that there was no consideration for the written promise, and were the court to seriously consider said contention, it would not justify the trial court in rendering judgment upon the pleadings because the matter of consideration may be shown by parol evidence and need not be contained in the writing itself.

We are of the opinion that the statement of claim sets forth a valid cause of action, not for the real estate commission as such, but instead it is founded upon a written promise which may or may not have been supported by a consideration. It is, in our opinion, the duty of the trial court to overrule the objection to the introduction of any evidence and hear testimony upon the issues presented.

Holding as we do, the judgment of the municipal court is ordered reversed and the same is remanded for a new trial according to law.

Vickery, J., concurs. Sullivan, J., not sitting.